# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18-CR-281 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| CHARLES ROGERS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Defendant Charles Rogers ("Rogers") moves for the disclosure of all grand jury transcripts. (Doc. No. 80.) In support, he represents that he "feels that irregularities or inconsistencies in the evidence presented to the grand jury in his case will be found if the proceedings are transcribed and made available to him." (*Id.* at 1075.) In addition, Rogers's counsel indicates that Rogers "feels that he may be able to use grand jury information to defend himself at trial." (*Id.*)

A party seeking disclosure of grand jury material under Rule 6(e) of the Federal Rules of Criminal Procedure must demonstrate a particularized need. *See Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 228, 99 S. Ct. 1667, 60 L.Ed.2d 156 (1979). To meet the particularized need standard, a party must establish that: (1) the material sought is necessary to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure outweighs the need for continued secrecy; and (3) the request is structured narrowly to cover only the material needed. *See id.* at 222. The district court has considerable discretion in determining whether to require

disclosure of grand jury proceedings. *See id.* at 223; *In re Antitrust Grand Jury,* 805 F.2d 155, 161 (6th Cir.1986) (same).

Rogers offers nothing more than general representations that the transcripts *may contain* relevant and/or exculpatory evidence. This generalized request is insufficient to establish a particularized need for the transcripts. *See, e.g., United States v. Miramontez,* 995 F.2d 56, 59–60 (5th Cir.1993) (finding that particularized need was not shown because request was general and did not specify which portions of proceedings should be disclosed); *United States v. Azad,* 809 F.2d 291, 294–95 (6th Cir.1986) (holding that particularized need was not shown when request for wide-ranging search to bolster unsubstantiated claim of prosecutorial misconduct was based on prosecutor's "off-hand remarks"); *cf. In re Grand Jury Proceedings,* 838 F.2d 304, 308 (8th Cir.1988) (finding the existence of a particularized need because plaintiff's case was significantly hampered without grand jury materials, documents sought were generated independently of the grand jury, the grand jury had long dissolved, and disclosure was carefully limited).

Defendant Rogers's request for grand jury transcripts is, therefore, DENIED.

**IT IS SO ORDERED**.

Dated: June 18, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**