IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.  18-CR-00281 |
| | ) | |
| PLAINTIFF | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES ROGERS. | ) | **SENTENCING MEMORANDUM** |
| | ) | **OF DEFENDANT CHARLES ROGERS** |
| DEFENDANT | ) | |

MEMORANDUM

Defendant Charles Rogers now submits the following sentencing memorandum.

Defendant Charles Rogers was indicted on June 5, 2018  for eight counts variously

charging Conspiracy to Commit Robbery, in violation of 18 U.S.C. Sec. 1951(a); Robbery, in

violation of  18 U.S.C. Sec. 1951(a); and Using a Firearm in Relation to a Crime of Violence, in

violation of 18 U.S.C. Sec. 924(c).  Defendant Rogers proceeded through a suppression hearing

and then a trial by jury.  Rogers was found Guilty as to all charges against him in the indictment.

I.      PERSONAL HISTORY/INFORMATION

Defendant Charles Rogers is 24 years old, born November 2, 1994.   He lived in

Cleveland,  Ohio, prior to pretrial detention/incarceration in this case.  He has no high school

diploma or equivalent.  Defendant Rogers is not married and has no children.  Defendant has two

prior criminal convictions as an adult.  He remains on post release control (parole) on one of those convictions.  (See, Presentence Investigation Report, Doc. # 97, par. 88-89)

II.     FACTS/CONDUCT

Defendant Rogers was convicted for participating in three armed robberies and one attempted robbery during the month of March, 2018 at several Metro PCS stores in Cleveland, Ohio.  The government presented evidence and the jury found that Rogers entered these stores, threatened customers and employees with handguns, and took cash from the store registers and from customers.

III.    OFFENSE, STATUTORY PENALTIES

As discussed above, Mr. Rogers has been convicted of one count of Conspiracy to Commit Robbery under 18 U.S.C. Sec. 1951(a).  This offense is a Class C felony, carrying up to 20 years in prison and a fine up to $250,000.  He was also, convicted of three counts of Robbery under 18 U.S.C. Sec. 1951(a).  These offenses are also, Class C felonies, carrying up to  20 years in prison and a fine up to $250,000.  He was, also, convicted of Attempted Robbery under 18 U.S.C. Sec. 1951(a) and 18 U.S.C. Sec. 2.   This offense is, also, a Class C felony, carrying up to 20 years in prison and a fine up to $250,000.   He was, also, convicted of Using a Firearm and Abetting the Use of a Firearm in Relation to a Crime of Violence under 18 U.S.C. Sec. 924(c) and 18 U.S.C. Sec. 2.    These offenses are Class A felonies , each carrying seven years to life in prison and a fine of up to $250,000.00.  Finally, Defendant Rogers was convicted of Abeeting in the Use and Discharging a Firearm in Relation to a Crime of Violence under 18 U.S.C. Sec. 924(c) and 18 U.S.C. Sec. 2.   This is a Class A felony, carrying ten years to life in prison and a

fine of up to $250,000.00.

IV.    <u>STATUTORY SENTENCING PRINCIPLES</u>

     The United States Code 18 U.S.C. sec. 3553(a) provides the general overriding principle

of federal sentencing.  That section provides:

> (a) Factors To Be Considered in Imposing a Sentence.— The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;

The section further provides that consideration be given to the United States Sentencing

Commission Guidelines.  Subsection (4) states in relevant part:

> (4) the kinds of sentence and the sentencing range established for—
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

     First, the factors recited in subsections (A)(1) include the circumstances of the offense

and the history and character of the defendant.  Defendant was unfortunately convicted of a string

of armed robberies occurring in March of 2018.  Although he was convicted of having a firearm

during the robberies, he did not fire any weapons, strike anyone with the weapons,  or otherwise

injure anyone in any of the incidents.

Next, the factors under (A)(2) of the statute are the seriousness of the offense, deterrence, and protection of the public.  Mr. Roger's offense is certainly serious.  There is  a need to deter others from committing the same offense, and there is a need to protect society or the public from further similar crime by the defendant.   Having said this, the most severe sentence Defendant has served before the case at hand was approximately three years in state prison.  Arguably, an increased sentence of any more than 36 months would be needed to sufficiently serve the need for deterrence in his case. Certainly, however, a sentence approaching the 24 years or higher suggested by the guidelines is far past what might be deemed to have a deterrent effect, as Defendant has never served a prison sentence approaching even a fraction of that term.

Finally, the factors in (A)(4) are the commission sentencing guidelines.  Defendant Rogers  is at level 26 under the probation department's calculations. (See, Presentence Investigation Report, Doc. # 97, par. 82) In addition, the report indicates separate guideline sentences for the firearms offenses Counts 4, 7, and 11.  (See, Presentence Investigation Report, Doc. # 97, par. 83-85)

The federal sentencing law is settled that the guidelines are advisory in nature and do not bind the trial court to a sentence within the applicable guidelines range.  See, United States v. Booker 534 U.S. 220 (2005); Kimbrough v. Unites States 552 U.S. 85 (2007).   Not only are the guidelines not mandatory, they are further not to be presumed to be reasonable.  See, United States v. Gall 552 U.S. 38 (2007); Nelson v. United States 551 U.S. 338 (2009).   In Gall, the U.S. Supreme Court ruled that the sentencing guidelines are simply a starting point.  The court made clear that the guidelines create no presumption and certainly do not dictate the range of sentences the trial court must impose.  Specifically, the court held that after determining the applicable range under the guidelines, ". . . the district judge should then consider all of the §

3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, he may not presume that  the Guidelines range is reasonable".  Gall v. United States, 552 U.S. 38, 49-50 (2007), citing Rita v. United States, 551 U.S. 338, 351 (2007).

The Sixth Circuit Court of Appeals is no different.  The Sixth Circuit has held that ". . . a district court possesses the authority to vary categorically from any of the advisory Guidelines on policy grounds." United States v. Staten, 435 F. Appx. 422, 425 (6th Cir. 2011), citing United States v. Herrera–Zuniga, 571 F.3d 568, 584–85 (6th Cir.2009) (citing Spears v. United States, 555 U.S. 261 (2009)).

## V.    SENTENCING GUIDELINES

Regardless of the approach the court takes with the Sentencing Guidelines, the sentencing decision must start with a Guidelines calculation.  Under the calculation in the Presentence Investigation Report,  the base offense level for Counts 1, 2, 5, 8, and 9 was level 26. (Presentence Report, Doc. #97, par. 82)   As mentioned above, the calculation then includes statutory sentences for using and discharging a firearm as those sentences relate to Counts 4, 7, and 11.  (Presentence Report, Doc. #97, par. 83-86)

Defendant submits that his very young age and his lack of lengthy or violent criminal history

should be weighed in his favor when determining the sentence in this matter.  He did not harm anyone at any of the crime scenes.  Although there was an exchange of gunshots during the last Robbery, the government concedes and the evidence tended to show that Defendant Rogers did not fire a weapon.

At the time of his arrest, Rogers did not flee or resist the police involved in the arrest.

III.    Conclusion.

Defendant respectfully moves this Court, to give due consideration to all of the factors set forth in 18 U.S.C. §3553(a) and fashion a sentence which satisfies the goal of sentencing guidelines of a sentence which is sufficient, but not greater than necessary.

Respectfully submitted,

*/s/Michael P. Maloney*
Michael P. Maloney (0038661)
24441 Detroit Road, Suite 200
Westlake, Ohio 44145
(440) 716-8562  (440) 716-8563  fax
mpmalo@hotmail.com

CERTIFICATE OF SERVICE

A copy of the foregoing Sentencing Memorandum was served upon the U.S. Attorney for the Northern District of Ohio on the 2nd day of October, 2019, by operation of the Court's electronic filing system.

*/s/Michael P. Maloney*
Michael P. Maloney
Attorney for Defendant