**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18-cr-281 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CHARLES ROGERS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court are two motions filed by *pro se* defendant Charles Rogers ("Rogers"). First, Rogers has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 148.) Plaintiff United States of America (the "government") opposes the § 2255 motion. (Doc. No. 150 (Opposition).) Though Rogers was afforded an opportunity in which to file a reply in support of his motion to vacate, he failed to do so.[1] (*See* Doc. No. 149 (Scheduling Order).) Second, Rogers has filed a motion to compel his trial counsel to produce the contents of his client file. (Doc. No. 152.) For the reasons that follow, both motions are DENIED.

**I. BACKGROUND**

On June 5, 2018, an indictment was returned charging Rogers and a second individual, defendant Shawn Ford ("Ford"), with one count of conspiracy to commit interference with commerce by robbery (Hobbs Act Conspiracy), in violation of 18 U.S.C. § 1951(a); and four

---

[1] Instead, on February 28, 2022, nearly five (5) months after briefing was complete on the motion to vacate, Rogers filed what the Court has construed as a supplement. (Doc. No. 153 (Supplement).) Notwithstanding the untimeliness of the filing, and the fact that it was filed without authorization, the Court has considered the supplement in connection with Rogers' motion to vacate.

counts of interference with commerce by robbery (Substantive Hobbs Act), in violation of 18 U.S.C. § 1951(a). (Doc. No. 8.) The indictment also separately charged Ford with three counts of using, carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and charged Rogers with two counts of violating § 924(c)(1)(A)(ii) and one count of adding and abetting a crime under § 924(c)(1)(A)(ii). (*Id*.)

The charges stem from "a series of four robberies that took place within a week at MetroPCS stores in Cleveland, Ohio." *United States v. Rogers*, 861 F. App'x 8, 11 (6th Cir. 2021). As the Sixth Circuit observed,

> Each robbery had the same pattern: two men with masks, guns, and blue latex gloves would enter the store, demand money, and then drive away. However, the fourth and final robbery did not go as planned. An off-duty police officer happened to be inside the store at the time and chased the robbers after they ran out of the store. Instead of stopping, the robbers shot at the police officer, who fired back and hit their vehicle.

*Id*. Shortly after the fourth robbery, officers located Rogers, Ford, and a third individual, Gloria Rosario ("Rosario"), near the Chevy Equinox that had been fired upon by the off-duty officer. After an inventory search of the vehicle revealed latex gloves, spent shell casings, and suspected narcotics, Rogers and Ford were arrested.[2] *Id*. at 12.

Prior to trial, defense counsel filed a motion to suppress the evidence obtained from the Chevy Equinox and a separate search of Ford's residence. (Doc. No. 28.) The Court conducted an evidentiary hearing on the motion—over the course of several days—and, at the conclusion of

---

[2] Rosario was also arrested on outstanding arrest warrants unrelated to the charges in this case. *Id*. at 12.

the hearing, the Court took the motion under advisement. In a decision dated May 13, 2019, the Court denied the motion in its entirety. (Doc. No. 69.)

The case proceeded to trial. During the course of the seven-day jury trial, the jury heard "substantial" evidence linking Rogers to the robberies. *Rogers*, 861 F. App'x at 21. "It included GPS tracking information showing Rogers at the scene of the first robbery[3], social medial posts showing Rogers wearing a distinctive sweatshirt that a witness saw one of the robbers wearing, and testimony from Rosario indicating that she lent the Equinox to Rogers and that he came back a few hours later with a lot of cash in small bills[.]" *Id*. The jury also saw video recordings of the robberies from the MetroPCS stores and heard Rosario's testimony that the pants and distinctive shoes of one of the robbers in the recordings belonged to Rogers. *Id*. Additionally, the jury was able to view photographs of the bullet holes in the Equinox, as well as physical evidence taken from the vehicle and forensic evidence from a search defendants' cellular phones. *Id*.

At the conclusion of the government's case-in-chief, both defendants moved for a directed verdict under Fed. R. Crim. P. 29(a). After entertaining argument from counsel, the Court denied the Rule 29(a) motions and the trial continued. Following the conclusion of the trial and the jury's deliberations, the jury returned guilty verdicts against Ford and Rogers on all counts in the indictment. (Doc. No. 90 (Ford Jury Verdicts); Doc. No. 91 (Rogers Jury Verdicts).) The jury also returned special verdicts against each defendant finding that they brandished weapons during the robberies. (*See id*.) On November 11, 2019, the Court sentenced

---

[3] At the time of the charged robberies, Rogers was serving a term of supervised release for a prior conviction. As a condition of his release, Rogers was required to wear a court-ordered electronic ankle bracelet. The evidence at trial demonstrated that Rogers was wearing the bracelet at the time of the first robbery, but that he had removed the bracelet prior to participating in the subsequent robberies.

each man to an aggregated term of imprisonment of 403 months. (Doc. No. 110 (Ford Judgment); Doc. No. 111 (Rogers Judgment).)

Both men appealed the Court's judgments, challenging the Court's ruling on the motion to suppress evidence from the search of the Equinox. Ford also appealed the Court's denial of his motion to suppress the search of his residence, and Rogers separately challenged the sufficiency of the evidence. The Sixth Circuit rejected these challenges, and affirmed the Court's judgments. *See generally Rogers, supra*. With respect to his sufficiency argument, Rogers complained that the "the government failed to present any direct eyewitnesses that could identify him and that his DNA was not found on the evidence recovered from the Equinox or at the stores." *Rogers*, 861 F. App'x at 21. The Sixth Circuit rejected this argument, noting that direct eyewitness testimony is not required to support a conviction and further underscoring the fact that "Rogers simply fails to grapple with the substantial circumstantial evidence against him." *Id.*[4]

On August 19, 2021, Rogers filed the present motion to vacate. While it is not entirely clear, Rogers appears to advance three arguments. First, he complains that this Court and the Sixth Circuit "ignor[ed] direct evidence" that was offered at trial and failed to take notice of inconsistencies in the testimony of Rosario. (Doc. No. 148 at 1[5].) Second, he suggests that this Court should recuse itself from considering the § 2255 motion. (*Id.*) Third, he argues that trial counsel was ineffective for failing to take an interlocutory appeal. (*Id.* at 1–2.) Rogers also

---

[4] On that note, the Sixth Circuit observed that "[f]or example, Rogers's DNA was found on the sweatshirt that matched the sweatshirt one of the robbers was wearing. In sum, Rogers has failed to show that no rational trier of fact could have found him guilty based on the evidence presented at trial." *Id*.

[5] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

4

requests an evidentiary hearing. (*Id*. at 2–3.) The government insists that the first argument is barred by the doctrine of the case, that there is no basis for this Court to recuse, and that the record does not support Rogers' ineffective assistance claim.

## II. RECUSAL

The entirety of Rogers' recusal argument is brief and provides, in full, that Rogers "requests respectfully that the sentencing judge recuse herself from this habeas challenge to ensure fairness[.]" (Doc. No. 148 at 1 (underlining, punctuation, and capitalization omitted).) Section 144 of Title 28, United States Code, provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein[.]" The affidavit must state "the facts and the reasons for the belief that bias or prejudice exits." 28 U.S.C. § 144. The affidavit must also "be accompanied by a certificate of counsel of record stating that it is made in good faith." *Id*. Rogers has failed to file an affidavit or certificate in conjunction with his motion, and has otherwise failed to set forth a factual predicate demonstrating a personal bias or prejudice, and therefore does not meet the requirements of § 144.

Additionally, 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The law with regard to recusal under section 455 is straightforward and well-established in the Sixth Circuit. A district court is required to recuse himself 'only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Wheeler v. Southerland Corp.*, 875 F.2d 1246, 1251 (6th Cir.

1989) (quoting *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983) (internal citation omitted)). "This standard is *objective* and is not based 'on the subjective view of a party.'" *Id*. (quoting *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988) (emphasis in original)); *see United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990) (citation omitted).

Bias requiring recusal under § 455(a) must amount to more than a favorable or unfavorable disposition toward an individual. *Fharmacy Records v. Nassar*, 572 F. Supp. 2d 869, 876 (E.D. Mich. 2008) (citing *Liteky v. United States*, 510 U.S. 540, 555–56, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)). As such, the alleged bias must emanate from an extrajudicial source. *United States v. Grinnel Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). "Although a judge is obligated to disqualify himself where there is a close question concerning his impartiality, *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993), he has an equally strong duty to sit where disqualification is not required[.]" *United States v. Angelus*, 258 F. App'x 840, 842 (6th Cir. 2007) (citation omitted).

Here, Rogers' bald assertion that recusal is necessary to "ensure fairness" falls woefully short of demonstrating a personal bias or prejudice emanating from an extrajudicial source. Moreover, to the extent that Rogers is unhappy with the Court's previous ruling on his Rule 29(a) motion (*see* Doc. No. 148 at 3 [complaining that the Court permitted the case to go forward on the basis of circumstantial evidence and permitted the Hobbs Act counts to proceed without "physical evidence" from each Metro PSC store regarding the connection to commerce]), this is precisely the type of *judicial* conduct that cannot support recusal.[6] Additionally, the established

---

[6] In his supplement, Rogers also takes issue with the Court's ruling on his motion to suppress. (*See* Doc. No. 153.) For the same reasons, this Court's treatment of the suppression motion and the evidence offered at the suppression hearing is not an extrajudicial matter that may support a motion to recuse.

procedure for § 2255 motions is that the same district court presiding at trial and sentencing preside over the § 2255 motion. *See* Rule 4(a) of the Section 2255 Rules, available at http://www.uscourts.gov/rules/2254_2255_Rules.pdf (last accessed March 3, 2022).

Under these circumstances, the Court finds that recusal is neither necessary nor appropriate. Because the Court finds it can fairly address Rogers' § 2255 motion without even the appearance of impropriety, Rogers' request that the Court recuse is DENIED.

### III. SECTION 2255 MOTION

#### A. Standard of Review

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id*. (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)).

The movant bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam). Vague and conclusory claims that are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *see Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972).

A criminal defendant may not utilize a § 2255 motion as a substitute for a direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("An application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal."). To assert a claim not raised on direct appeal, a petitioner ordinarily must show cause for the default and prejudice. *See Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); *United States v. Frady*, 456 U.S. 152, 167–69, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982).

When a factual dispute arises in a § 2255 proceeding, an evidentiary hearing is required "'to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). A hearing is not necessary, however, when a petitioner's claims "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact.'" *Id.* (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where, as here, the judge considering the § 2255 motion also presided over the trial, the

judge may rely on her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

      **B.**      **Sufficiency and Evidentiary Issues**

Rogers alleges that this Court and the Sixth Circuit "ignore[ed]" the direct evidence offered at trial. (Doc. No. 148 at 1.) According to Rogers, this Court "created a scenario most favorable to the government" by permitting the trial to go forward on the basis of circumstantial evidence. (*Id*. at 3 (underlining, capitalization, and punctuation omitted).) As he did on direct appeal, he complains that there was no direct evidence to "substantiate" his "direct involvement at the scene of the crime[s]." (*Id*.) Noting also that the off-duty officer was unable to identify either himself or Ford as the perpetrators of the fourth robbery, Rogers posits that his convictions are contrary to the "design and structure of the . . . American judicial system[.]" (*Id*.)

"It is . . . well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citing, among authority, *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996)). Here, on direct appeal, the Sixth Circuit determined that the evidence, including the "substantial circumstantial evidence" tying Rogers to the charged robberies, was sufficient to support Rogers' convictions. *See Rogers*, 861 F. App'x at 21. That Rogers persists in maintaining that his convictions cannot survive without direct eyewitness testimony does not warrant a different outcome on collateral review. Rogers has not alleged exceptional circumstances that would justify the Court revisiting these issues on a § 2255 motion, and, accordingly, the Court will decline to re-examine issues already decided by the Sixth Circuit. This ground for relief is denied.

### C. Ineffective Assistance of Counsel

Rogers alleges that his trial counsel was ineffective for failing to take an interlocutory appeal challenging the fact that one of the government's witnesses, Rosario, offered testimony that was purportedly contradicted by other evidence in the case. (Doc. No. 148 at 2.) He also insists that counsel should have sought interlocutory review of the fact that the off-duty officer failed to positively identify him as one of the perpetrators of the fourth and final robbery, as well as the government's remarks regarding "the so-called bullet hole[s]" in the Chevy Equinox. (*Id.*) Applying a liberal construction to Rogers' motion and briefing, the Court finds that Rogers has alleged that trial counsel was ineffective for failing to seek an interlocutory appeal challenging the Court's ruling on his Rule 29 motion.

"Judicial scrutiny of counsel's performance must be highly deferential[.]" *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id*. Counsel's performance must be evaluated from the perspective existing at the time of the representation, not from the perspective of hindsight. *Id*.

To make out a claim of ineffective assistance, a prisoner must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, and that counsel's errors were so serious as to deprive him of a fair trial. *Strickland*, 466 U.S. at 687–88; *United States v. Hanley*, 906 F.2d 1116, 1120–21 (6th Cir. 1990); *Flippins v. United States*, 808 F.2d 16, 18 (6th Cir. 1987). To prevail on a claim of ineffectiveness, a prisoner must prove: (1) that counsel's performance fell below an objective standard of reasonableness, and (2)

10

that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland*, 466 U.S. at 687–88; *see also Williams v. Taylor*, 529 U.S. 362, 390–91, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

The final judgment rule limits a court of appeals to reviewing "'final decisions' of the district courts, 28 U.S.C. § 1291, a rule designed to prevent 'piecemeal' adjudication, *Abney v. United States*, 431 U.S. 651, 656, 97 S. Ct. 2034, 51 L. Ed. 2d 651 (1977))." *United States v. Martirossian*, 917 F.3d 883, 886 (6th Cir. 2019). "Without the final order rule, cases might bounce back and forth between the trial and appellate courts, as disgruntled litigants seek to reverse each and every ruling, no matter how minor." *Id*. As the Sixth Circuit recently observed, "[t]he policy behind the rule is at its apex—its 'strongest' in the words of the U.S. Supreme Court—'in the field of criminal law.'" *Id*. (quoting *United States v. Hollywood Motor Car Co*., 458 U.S. 263, 265, 102 S. Ct. 3081, 73 L. Ed. 2d 754 (1982) (per curiam)).

Given the importance of the final judgment rule, the Supreme Court has only "allowed a departure" from the rule for a "limited category of cases falling within the collateral order exception" that allows for immediate, collateral appeals of non-final orders. *Flanagan v. United States*, 465 U.S. 259, 265, 104 S. Ct. 1051, 79 L. Ed. 2d 288 (1984) (quotation marks and citations omitted). "To come within this narrow exception, a trial court order must, at a minimum, . . . conclusively determine the disputed question[,] . . . resolve an important issue completely separate from the merits of the action[,] . . . [and] be effectively unreviewable on appeal from a final judgment." *Id*. (internal quotation marks and citations omitted).

"Because of the compelling interest in prompt trials, the [Supreme] Court has interpreted the requirements of the collateral-order exception to the final judgment rule with the utmost

11

strictness in criminal cases." *Id*. In fact, the Supreme Court has only found three types of pretrial criminal orders to meet the stringent requirements of the collateral-order exception: orders on motions to reduce bail, and orders on motions to dismiss an indictment for double jeopardy or first amendment grounds. *Id*. at 266 (collecting cases); *see United States v. Goff*, 187 F. App'x 486, 495 (6th Cir. 2006) (similar).

The Court's Rule 29(a) ruling does not represent the type of "rare" criminal order that is entitled to immediate appellate review. *See Flanagan,* 465 U.S. at 270 ("The exceptions to the final judgment rule in criminal cases are rare.") Rather, a district court's order denying a Rule 29 motion is not a final order that may be appealed prior to the entry of final judgment. *See Northern v. United States*, 300 F.2d 131, 132 (6th Cir. 1962). Because the Court's denial of Rogers' Rule 29 motion does not meet the strict requirements of the collateral-order exception, counsel cannot be considered ineffective for failing to bring what would have amounted to a frivolous interlocutory appeal. *See Goff v. Bagley*, 601 F.3d 445, 469 (6th Cir. 2010) (counsel was not ineffective for failing to raise patently frivolous argument); *Burton v. Renico*, 391 F.3d 764, 774 (6th Cir. 2004) (the required showing of prejudice for an ineffective assistance of counsel claim cannot be made if the unasserted argument lacks merit); *United States v. Ealy*, No. 1:05-cr-58, 2007 WL 2904028, at *1 n.2 (W.D. Mich. Oct. 1, 2007) ("It is obvious, however, that an attorney has an ethical duty not to raise frivolous arguments . . . the failure to raise a frivolous argument cannot violate *Strickland* standards nor cause prejudice warranting relief.")

Rogers' ineffective assistance of counsel claim is devoid of merit and is denied.

### D. Evidentiary Hearing

In conjunction with his motion to vacate, Rogers requests an evidentiary hearing to "match evidence" and "call witnesses" because he believes that the Sixth Circuit did not "see and or hear" all of the evidence. (Doc. No. 148 at 2, underlining, punctuation, and capitalization omitted.) He suggests that, if he is given an evidentiary hearing, he will be able to "articulate his evidence and findings to this Honorable Court." (*Id.* at 3.) Rogers has failed to demonstrate that he is entitled to an evidentiary hearing.

To be sure, the burden borne by a § 2255 petitioner to obtain an evidentiary hearing is not especially onerous. *See Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003). However, it is not enough for Rogers to represent that he will reveal his evidence supporting collateral relief at an evidentiary hearing. *See McSwain v. Davis*, 287 F. App'x 450, 458 (6th Cir. 2008) (A petitioner is not entitled to an evidentiary hearing if he has not alleged any facts that, if true, would entitle the petitioner to federal habeas relief). Indeed, he cannot make mere conclusory allegations that will be supported later at the hearing; rather, non-conclusory allegations (at a minimum) are required to obtain an evidentiary hearing in the first place. *See Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008) (holding that an evidentiary hearing was "unnecessary" where there was "nothing in the record to indicate that [the petitioner] would be able to prove his allegations" at a hearing); *see also United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).

Ultimately, the Court finds that an evidentiary hearing is not warranted in the present case. As set forth in detail above, the allegations offered in support of the present motion are either unreviewable on collateral review, contradicted by the record, or amount to "bald

assertions and conclusory allegations" that fail to demonstrate that Rogers is entitled to relief from his judgment. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). His request for an evidentiary hearing is denied.

### IV. MOTION TO COMPEL

On November 18, 2021, more than 30 days after briefing was complete on his motion to vacate, Rogers filed a motion to compel his trial counsel to produce his client file. (Doc. No. 152.) In the motion, he represents that he has "made attempts to call and/or has made written requests to defense counsel of record" but that counsel has failed to respond to these requests or otherwise produce his file. (*Id*. at 2.) Rogers now seeks any transcripts counsel reviewed, all discovery produced by the government, all court filings (including underlying motions and responses), all correspondences and plea agreements, "and/or any other tangible thing associated with this case." (*Id*. at 1–2.) He claims, without support or elaboration, that the documents and other requested materials are crucial to the effective prosecution of his motion to vacate. (*Id*. at 2.)

As the basis for his motion, Rogers relies, in part, on the American Bar Association's Standards for Criminal Justice, Defense Function Standards and Commentary, which addresses defense counsel's obligation to cooperate with a client who attempts to challenge a conviction. (*See id*. at 3.) The Court is mindful of the ethical obligations of attorneys. But the fact that certain ethical obligations may be implicated by Rogers' motion does not establish that this Court has the authority to compel his former attorney to produce documents to Rogers in the circumstances presented here.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997). Instead, discovery in § 2255 habeas proceedings is governed by Rule 6 of the Rules Governing Section 2255 Proceedings, which permits discovery only with leave of court after a showing of good cause. *See Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004 ) (A district court may allow discovery in collateral proceedings if "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."). District courts routinely denying requests for discovery in habeas proceedings—including requests to compel attorneys to surrender a case file—absent a showing that a petitioner has asserted facts that would entitle him to relief. *See, e.g., Crawley v. United States*, No. 1:09-cr-83, 2014 WL 617633, at *11 (S.D. Ohio Feb. 18, 2014) ("Petitioner is not entitled to require [his former counsel] to respond to his meritless claims of error."); *Brown v. Morgan*, 968 F. Supp. 2d 649, 659 (D. Del. 2013) (denying as moot defendant's motion to compel former defense counsel to surrender his case file because defendant's habeas petition did not, on its face, warrant relief).

Rogers' motion to compel fails to demonstrate that discovery from his former counsel will allow him to develop facts that would entitle him to relief. The Court has already determined that Rogers is not entitled to revisit in this collateral proceeding the Sixth Circuit's rulings on direct appeal relating to the sufficient of the evidence offered at trial. This Court has also concluded that Rogers' trial lawyer's performance was not constitutionally deficient as a matter of law. Accordingly, the motion to compel is denied.

## V. Conclusion

For the foregoing reasons, Rogers' motion to vacate, set aside, or correct his sentence and his motion to compel are denied. Further, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: April 15, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**