# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18-cr-281 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER OF TRANSFER |
| CHARLES ROGERS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Charles Rogers ("Rogers") to amend his judgment. (Doc. No. 161 (Motion).) Plaintiff United States of America (the "government") opposes the motion, in part, on the grounds that it represents a second or successive petition under 28 U.S.C. § 2255. (Doc. No. 162 (Response), at 5.)[1] For the reasons that follow, Rogers's motion is TRANSFERRED to the Sixth Circuit Court of Appeals.

### I.   BACKGROUND

The facts surrounding this case have been discussed by this Court and the Sixth Circuit in multiple opinions and orders, and familiarity with these prior rulings is presumed. For purposes of framing the present motion, it is sufficient to note that, on November 19, 2019, following a jury trial, Rogers was sentenced to an aggregate sentence of 403 months imprisonment for his involvement in a series of robberies of MetroPCS stores in Cleveland, Ohio in 2018. (Doc. No.

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

111 (Rogers Judgment).)

Rogers received a 115-month sentence for each of his convictions for Hobbs Act robbery, attempted Hobbs Act robbery, and conspiracy to commit Hobbs Act robbery, to be served concurrently. (*Id*. at 2.) Relevant to the present motion to amend, Rogers also received sentences of 120, 84, and 84 months for his three 18 U.S.C. § 924(c) convictions, each to be served consecutively. (*Id*.) As set forth in the Court's judgment, the 120-month sentence corresponded to Rogers's § 924(c) conviction in Count 11, which, in turn, was predicated on Count 9 (Hobbs Act Robbery). (*Id*.; *see* Doc. No. 9 (Indictment), at 5–7.) The first 84-month sentence corresponded to Rogers's § 924(c) conviction in Count 4, which was predicated on Count 2 (Hobbs Act Robbery); and the second 84-month sentence corresponded to Rogers's § 924(c) conviction in Count 7, which was predicated on Count 5 (Hobbs Act Robbery). (Doc. No. 111, at 2; *see* Doc. No. 9, at 2–5.) As is clear from both the indictment and the Court's judgment—and contrary to Rogers's representations in the present motion—none of Rogers's § 924(c) convictions were premised on his convictions for conspiracy to commit Hobbs Act robbery or attempted Hobbs Act robbery.

Rogers took a direct appeal from the Court's judgment challenging the Court's ruling on his suppression motion and the sufficiency of the evidence offered by the government at trial. On May 27, 2021, the Sixth Circuit affirmed the Court's judgment. *See United States v. Rogers*, 861 F. App'x 8 (6th Cir. 2021). Pertinent to the present motion, on August 19, 2021, Rogers filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 148.) In his § 2255 motion, Rogers argued that this Court and the Sixth Circuit ignored direct evidence that was offered at trial and failed to take notice of inconsistencies in the testimony of a government witness. (Doc. No. 155 (Memorandum Opinion), at 4 (citing Doc. No. 148, at 1)).) He also argued

that the Court should recuse itself, and that his trial counsel was ineffective for failing to take an interlocutory appeal from the Court's suppression ruling. (*Id.* (citing Doc. No. 148, at 1–2).) On April 15, 2022, the Court denied the § 2255 motion, declined to recuse, and rejected all substantive claims on the merits. (Doc. No. 155; Doc. No. 156 (Judgment Entry).)

## II.   LAW AND ANALYSIS

On November 8, 2023, Rogers filed the present motion styled "Motion to Amend Judgment." (Doc. No. 161, at 1.) By this motion, Rogers seeks to have his judgment "correct[ed]" or "amend[ed]" to reflect an intervening change in the law. (*Id.* at 1–2 (citing *United States v. Daniels*, No. 2:05-cr-241, 2023 WL 5725406 (S.D. Ohio Sept. 5, 2023)). In making this request, the Court believes Rogers is indirectly referencing the ruling in *United States v. Taylor*, 596 U.S. __, 142 S. Ct. 2015, 213 L. Ed. 2d 349 (2022), in which the Supreme Court held that attempted Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c)(3)(A) because no element of the offense requires proof that the defendant used, attempted to use, or threatened to use force. *Id.* at 2021.[2] Rogers does not identify the legal basis upon which he seeks relief.

The sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Rather, the basis for such authority must be grounded in statute or rule of law. While Rule 36 of the Federal Rules of Criminal Procedures allows a sentencing court to correct a clerical error in a judgment, Rogers has not suggested that the Court's judgment suffers from a clerical error resulting from oversight or omission. *United States v. Carr*, 421 F.3d 425, 432 (6th Cir. 2005); *see* Fed. R. Crim. P. 36.

---

[2] The conclusion that Rogers is relying on the ruling in *Taylor* is supported by the partial (and inaccurate) citation to *Taylor* appearing at the end of Rogers's motion. (*See* Doc. No. 161, at 2.)

Accordingly, relief is not available based on this rule of criminal procedure.

Section 2255 permits a federal prisoner to petition the trial court to vacate, set aside, or correct his sentence under certain circumstances, including that his "sentence was imposed in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255(a). By the present motion, Rogers appears to attempt to invoke the protections of § 2255 by suggesting that his sentence is no longer valid in light of intervening law. (Doc. No. 161, at 2.) Rogers, however, has already sought relief from his judgment pursuant to § 2255. An individual seeking to file a second or successive motion under § 2255 must first ask the court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998).

As the Sixth Circuit has explained, however, "not all second-in-time petitions are 'second or successive'" for purposes of § 2244(b). *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017). Recently, the Supreme Court explained that second-in-time petitions are barred "unless they rely on either 'newly discovered evidence,' § 2255(h)(1), or 'a new rule of constitutional law,' § 2255(h)(2)." *Jones v. Hendrix*, 599 U.S. 465, 469, 143 S. Ct. 1857, 216 L. Ed. 2d 471 (2023) (quoting 28 U.S.C. § 2255). "A federal prisoner may not, therefore, file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *Id*. at 469–70.

The present motion is based on case law that emerged after Rogers was sentenced and after he initially sought relief under § 2255. In particular, Rogers alleges that case law now provides an arguably more restrictive and/or more favorable interpretation of the term "crime of violence" found in 18 U.S.C. § 924(c). Accordingly, in light of recent Supreme Court precedent, the present

4

second-in-time § 2255 motion does not fall within the not-second-or-successive exceptions that would obviate the need for prior permission from the court of appeals.[3] *See Jones*, 599 U.S. at 469–701.

While the Court expresses no opinion on the likelihood of success of the underlying motion, because Rogers has not sought permission from the Sixth Circuit to file a second or successive § 2255 motion, the Court lacks jurisdiction to consider the instant filing. *See Burton v. Stewart*, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding district court lacked jurisdiction to review new petition because it was successive and therefore required authorization). Rogers must first secure permission from the Sixth Circuit to proceed. *See, e.g., Muslim v. United States*, Nos. 2:08-cr-238, 2:10-cr-64, 2:10-cr-65, 2019 WL 5419433, at *2 (S.D. Ohio June 12, 2019) (rejecting argument that Fourth Circuit decision constituted a newly discovered fact that could not have been discovered prior to the decision); *Amawi v. United States*, No. 3:06-cr-719, 2018 WL 4823116, at *2 (N.D. Ohio Oct. 4, 2018) (treating second-in-time § 2255 motion based on recent Supreme Court decisions interpreting term in federal statute as second or successive); *see also Fears v. Jenkins*, No. 2:17-cv-029, 2018 WL 1531494, at *2 (S.D. Ohio Mar. 29, 2018) (rejecting argument that Supreme Court ruling represented a new "factual predicate" that did not exist when original habeas petition was filed).

---

[3] To the extent Rogers is now attempting to bring his motion under Rule 60(b) of the Federal Rules of Civil Procedure, the motion would be inappropriate. Rule 60(b) may be utilized by a criminal defendant in the limited circumstance of seeking relief from a district court's denial of a defendant's petition filed under § 2255. *See United States v. Bender*, 96 F. App'x 344, 345 (6th Cir. 2004) (citing *McQueen v. Scroggy*, 99 F.3d 1302, 1334–35 (6th Cir. 1996)). To be proper in this limited circumstance, the Rule 60(b) motion must pertain to issues that were addressed and decided in the prior § 2255 motion. *Id.*; *see also United States v. Lacy*, No. 5:04-cr-326, 2006 WL 3742599, at *3 (N.D. Ohio Dec. 15. 2006) (construing Rule 60(b) motion raising issues not addressed in prior § 2255 motion as a second or successive § 2255 motion and transferring the motion to the Sixth Circuit for an initial determination (citing *Homrich v. United States*, 205 F.3d 1340 (Table), 1999 WL 1206903, at *2–3 (6th Cir. 1999) (quotation marks omitted)). As explained above, the present motion does not pertain to any issues that were addressed and decided in Rogers's initial § 2255 motion. Accordingly, the motion would not properly be brought under Rule 60(b).

### III.     CONCLUSION

Accordingly, the Court ORDERS the Clerk of Court to TRANSFER the present filing to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination as to whether Rogers may file a second or successive motion under 28 U.S.C. § 2255.

**IT IS SO ORDERED**.

Dated: December 11, 2023

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**